UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; and CAPITOL RECORDS, INC., a Delaware corporation,

    Plaintiffs,

-against-

FRAN CICCIMARRO,

    Defendant.

Civil Action No.: 05CV1537 (DGT)(RML)

Filed Electronically

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 15, 2005 ★

P.M. _____
TIME A.M. _____

## [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiffs' Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.     Plaintiffs seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the six sound recordings listed in Exhibit A to the Complaint. Accordingly, having been adjudged to be in default, Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Four Thousand Five Hundred Dollars ($4,500.00).

1

2. Defendant shall further pay Plaintiffs' costs of suit herein in the amount of Three Hundred Seventy-Five Dollars ($375.00).

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Jungle Love," on album "Book of Dreams," by artist "Steve Miller Band" (SR# N42553);

- "Don't Know Why," on album "Come Away With Me," by artist "Norah Jones" (SR# 320-120);

- "Material Girl," on album "Like a Virgin," by artist "Madonna" (SR# 59-442);

- "Bullet The Blue Sky," on album "The Joshua Tree," by artist "U2" (SR# 78-949);

- "Feelin' So Good," on album "On The 6," by artist "Jennifer Lopez" (SR# 267-571);

- "Diggin' On You," on album "CrazySexyCool," by artist "TLC" (SR# 198-743);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall

2

destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: 8/1/05

By: s/David G. Trager
Hon. David G. Trager
United States District Judge